UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY WAYNE BUCK            CIVIL ACTION

VERSUS            NO. 10-741-JJB

EAST BATON ROUGE SHERIFF'S
OFFICE, ET AL.

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion to dismiss (doc. 12) for failure to state a claim made by defendants, William "Tanner" Jenkins and Cleve Johnson, deputies with the East Baton Rouge Sheriff's Office. Plaintiff, Corey Wayne Buck, who is proceeding pro se, has filed an opposition. There is no need for oral argument. The court has jurisdiction under 28 U.S.C. §1331.

Buck filed this action claiming that, on October 28, 2009, he was attacked by defendants, Deputy Jenkins and Deputy Johnson, while he was walking from a local convenient store. Plaintiff alleges that he was approached by defendants after he was observed receiving a one dollar bill from a man in a car. Plaintiff alleges that after complying with Deputy Jenkins' order to place his hands on a vehicle, Deputy Jenkins struck him on the face, which caused him to bleed, partially lose consciousness, and bruise. Plaintiff further alleges that after being hit by Deputy Jenkins, his jacket was pulled over his head to block his view and that defendants continued to hit him for 15 seconds before he was thrown onto the parking lot ground face first. Plaintiff was then arrested at the scene and

charged with battery on a police officer and resisting arrest, which were allegedly resolved through pretrial diversion.[1] Buck brings claims for excessive force, malicious prosecution and false arrest.

Defendants Jenkins and Johnson seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted as to the claims asserted against them in both their individual and official capacities. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Plaintiff must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Defendants contend that plaintiff's allegations of excessive force are not plausible on the face of the complaint and that he merely asserts legal conclusions. The court disagrees. According to the complaint, defendants continued to beat plaintiff after he had fully complied with the officers' instructions to place his hands on a vehicle. Plaintiff claims that, despite his compliance, he a

---

[1] The court does not address any possible Heck v. Humphrey issues as none have been raised by defendants. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). See, *Bates v. McKenna*, 2012 WL 3309381 (WD La. 2012) (dealing with *Heck* in context of pretrial diversion.)

was repeatedly struck by both defendants, his jacket was pulled over his head to block his view, and he was thrown to the asphalt ground. This is sufficient to state a claim of excessive fore against defendants in their individual capacities.[2]

The court agrees, however, that plaintiff fails to state a claim against defendants in their official capacities, as there are no allegations implicating a policy or procedure relating to failure to train. Plaintiff concedes that he has no evidence of such in his opposition.

As to the claims of false arrest, plaintiff's opposition indicates that he "does not dispute the stop in and of itself" indicating that the arrest "itself may have been reasonable." As plaintiff is not pursuing this claim, it will be dismissed.

Accordingly, the motion by defendants to dismiss (doc. 12) is GRANTED in part as to the claims for false arrest and failure to train; the motion is DENIED as to the claims of excessive force. The court makes no determination as to the claims for malicious prosecution.

Baton Rouge, Louisiana, September 14th, 2012.

JAMES J. BRADY,
DISTRICT JUDGE

---

[2] In this case, the defense of qualified immunity hinges on the question of whether defendants used excessive force. There is no need for a separate analysis. To the extent that plaintiff claims that Deputy Johnson failed to intervene to stop Deputy Jenkins from using excessive force against him, the court observes that an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

3