UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COREY WAYNE BUCK

VERSUS

EAST BATON ROUGE SHERIFF'S
OFFICE, ET AL

CIVIL ACTION

10-741-JJB-RLB

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion (doc. 31) for Summary Judgment brought by Defendants, Deputy William "Tanner" Jenkins ("Deputy Jenkins") and Deputy Cleve Johnson ("Deputy Johnson") in their individual capacities. Plaintiff, Corey Wayne Buck ("Buck"), has filed an opposition (doc. 34).[1] Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' Motion (doc. 31) for Summary Judgment is GRANTED.

**I.   Background**

The evidence submitted on summary judgment establishes that on October 28, 2009, Buck was walking from his home to the Circle K convenient store located at the corner of Floynell Drive and Jefferson Highway in Baton Rouge, Louisiana with the intention of purchasing a money order. Buck brought exactly $25.00 to purchase the money order. However, when he arrived at the Circle K, he learned that there was a service fee of ninety-nine cents. He exited the store with the aim of walking home to retrieve the ninety-nine cents to pay the service fee.

While walking home, Buck was approached by a man driving a silver BMW. Buck states that the man pulled over next to him and identified himself as a person who was standing behind

---

[1] Though the Plaintiff has caption his motion as a "Motion to Stay," the Court will treat the submission as an opposition to the Defendants' motion for summary judgment.

1

him in line at the Circle K. *Buck Depo*, Doc. 31-3, 22:7-15. The man saw that he needed additional money to pay the service fee and handed him a dollar to pay for the additional fee. *Id*. The man in the silver BMW left and Buck turned around to return to the Circle K.

At this time, Deputy Johnson exited his unmarked vehicle, which was parked in a nearby parking lot. Both Defendants had observed the interaction between Buck and the man in the silver BMW and believed that they had witnessed a drug transaction. Defendants ordered Buck to place his hands on his head. Buck thought that he was being ordered to place his hands on the vehicle and so he walked over towards the vehicle to comply with this order. Defendants believed that Buck was attempting to flee on foot. Deputy Jenkins was able to gain control of Buck's left arm and place him against the side of Deputy Johnson's vehicle. Buck requested that the Defendants present their badges, which Deputy Jenkins did. Defendants allege that at this time, Buck delivered an elbow strike to Deputy Jenkins's chest and reached towards his front pocket. Fearing that Buck was reaching for a weapon or trying to get rid of evidence, Deputy Johnson delivered a palm heel strike to Buck's face causing Buck to suffer a bloody nose. He then took Buck to the ground and restrained him with handcuffs. A search subsequent to the arrest revealed several items in Buck's front pockets including three address books and an iPod. As a result of the arrest, Buck was issued a misdemeanor summons for violation of La. Rev. Stat. Ann. § 14:108, Resisting an Officer, and La. Rev. Stat. Ann. § 14:34.2, Battery of a Police Officer. Buck entered into a Pretrial Intervention Program, which he completed around March 2010, in exchange for the dismissal of these charges. *Buck Depo*, Doc. 31-3, 53:3-11; 54:11-24.

Buck filed this action asserting several claims against the East Baton Rouge Parish Sheriff's Office, Deputy Jenkins, and Deputy Tanner. (Doc. 1). The Court dismissed claims asserted against the East Baton Rouge Parish Sheriff's Office finding that it was not a legal entity

which may be sued. (Doc. 14). Subsequently, the Defendants filed a motion to dismiss. (Doc. 11). The Court dismissed claims for false arrest and failure to train but found that Buck had stated a claim for excessive force. (Doc. 19). The Court declined to make a determination on the claim for malicious prosecution. *Id.* The Defendants now bring the present motion arguing that they are entitled to summary judgment on Buck's remaining claims.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact

3

issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

**III. Discussion**

Buck's remaining § 1983 claims are for excessive force and malicious prosecution. The Defendants argue that Buck's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to establish a cognizable claim for damages under § 1983 that would call into question or otherwise invalidate a conviction or sentence, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Courts refer to this requirement as the "favorable termination rule." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The Supreme Court explained that if the plaintiff's claim sought to invalidate the underlying conviction or sentence, such claim must be dismissed unless the plaintiff could show that the conviction or sentence had already been invalidated. *Heck*, 512 U.S. at 487.

Defendants argue that Buck's remaining claims are barred by *Heck* because he entered into a Pretrial Intervention Program in exchange for the dismissal of the misdemeanor charges levied against him. Under *Heck*, courts have held that the plaintiff's voluntary participation in a pretrial diversion program is a conviction. *See Bates v. McKenna*, Civil Action No. 11-1395, 2012 WL 3309381, *5 (W.D. La. Aug. 13, 2012); *see also Taylor v. Gregg*, 36 F.3d 453, 455-56 (5th Cir. 1994) (finding that entering into pretrial diversion program is not a favorable termination under *Heck*). There is no evidence that this conviction was invalidated by any of the means set forth in *Heck*. Therefore, in order for Buck to state a cognizable § 1983, he must show that a ruling in his favor will not call into question the validity of his convictions.

4

After reviewing the parties' submissions and the case law provided in support thereof, the Court finds that Buck's claims are barred by *Heck*. Courts have held that a claim for excessive force cannot coexist with a conviction for offenses such as resisting an officer and/or battery of an officer when the plaintiff maintains that he did nothing wrong to warrant the force used against him as such claims "squarely challenge[] the factual determination that underlies his conviction." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-225 (5th Cir. 2004); *see also Bates*, 2012 WL 3309381, at *5; *Pratt v. Giroir*, Civil Action No. 07-1529, 2008 WL 975052, *5 (E.D. La. Apr. 8, 2008) ("Fifth Circuit precedent is clear that whether the plaintiff alleges excessive force *during* or *simultaneous with* an arrest versus *after* an arrest results in distinct consequences under *Heck*."). Here, Buck alleges that he was fully compliant during the arrest and at no time resisted the officers. *Complaint*, Doc. 1, at ¶5. He also denies using any physical force against either of the Defendants. *Buck Depo*, Doc. 31-3, 32:10-21. If the Court took these statements and allegations as true, it would squarely call into question the validity of his underlying conviction. Accordingly, Buck's excessive force claim is barred by *Heck*.

As to the malicious prosecution claim, Defendants correctly assert that *Heck* precludes to a finding that Buck has stated a cognizable claim. To establish a claim for malicious prosecution, the plaintiff must prove: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984). Courts have held that when the plaintiff has entered into a pretrial diversion program, he cannot prove the third element of the malicious prosecution claim, i.e. that the criminal

5

prosecution terminated in his favor. *Taylor*, 36 F.3d at 455-56. Courts reason that, "[b]y entering these agreements, criminal defendants are effectively foregoing their potential malicious prosecution suit in exchange for conditional dismissal of their criminal charges." *Id.* at 456. Here, Buck entered and completed the District Attorney's Pretrial Intervention Program. Therefore, in light of binding case law, this claim must be dismissed.

**IV.     Conclusion**

For the reasons stated herein, the Defendants' Motion (doc. 31) for Summary Judgment is GRANTED. All claims against Defendants, Deputy William "Tanner" Jenkins and Deputy Cleve Johnson, are DISMISSED.

Signed in Baton Rouge, Louisiana, on June 10, 2014.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ 
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**